J-S30039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD A. HAMMONDS (#JD8826) | : | |
| | : | |
| Appellant | : | No. 525 MDA 2021 |

Appeal from the PCRA Order Entered March 26, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001567-2016

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED FEBRUARY 18, 2022**

Appellant, Richard A. Hammonds, appeals from order of the Court of Common Pleas of Luzerne County (trial court) that denied his petition for relief pursuant to the Post Conviction Relief Act (PCRA).[1]  Counsel for Appellant has filed an application to withdraw and a no-merit letter pursuant to *Commonwealth v. Turner,* 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).  After careful review, we grant counsel's application to withdraw and affirm the order denying Appellant's PCRA petition.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

On March 20, 2018, Appellant was convicted by a jury of second-degree felony aggravated assault[2] for assaulting a corrections officer at the State Correctional Institution at Dallas, where Appellant was an inmate. On April 13, 2018, the trial court sentenced Appellant to 40 to 80 months' incarceration. N.T. Sentencing at 8; Sentencing Order. This sentence was at the high end of the standard range; the standard range minimum sentence was 27 to 40 months. N.T. Sentencing at 2, 8. Appellant timely appealed from this judgment of sentence and petitioned to proceed *pro se*. This Court remanded the case to the trial court to conduct a ***Grazier***[3] hearing, and the trial court following that hearing ordered that Appellant could proceed *pro se*. Trial Court Order, 8/24/19. On December 10, 2018, this Court dismissed the appeal for failure to file a brief. ***Commonwealth v. Hammonds***, No. 664 MDA 2018 Order (Pa. Super. filed December 10, 2018).

On September 26, 2019, Appellant timely filed a *pro se* PCRA petition. The trial court appointed PCRA counsel for Appellant and granted PCRA counsel leave to file a supplemental PCRA petition. PCRA counsel on April 3, 2020, filed a supplemental PCRA petition asserting as the sole ground for relief that Appellant's trial counsel was ineffective for failing to advise him of a plea offer made by the Commonwealth. Supplemental PCRA Petition at 3-5. On

---

[2] 18 Pa.C.S. § 2702(a)(3).

[3] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

March 11, 2021, the trial court held a hearing on the PCRA petition at which Appellant and his trial counsel testified.

At the PCRA hearing, Appellant testified that he asked his trial counsel to try to obtain a plea deal for him and that she told him that there would be no plea bargaining because she needed felony trial experience. N.T. PCRA at 3-4. Appellant testified that he did not want to go to trial and that if he had been told that the Commonwealth had offered a plea of guilty to second-degree felony aggravated assault, the charged offense, with a sentence at the bottom of the standard range, he would have accepted that plea offer. *Id.* at 4-5. Appellant also testified that he sought to represent himself before his trial started in order to plead guilty or work out a plea deal with the Commonwealth. *Id.* at 5-6.

Appellant's trial counsel testified that she communicated to Appellant the only plea offer that the Commonwealth was willing to make, which was a guilty plea to second-degree felony aggravated assault with an agreement that the Commonwealth would not object to a sentence at the bottom of the standard range. N.T. PCRA at 7-9. Trial counsel testified that she advised Appellant that it was in his interest to accept the plea offer and that Appellant repeatedly rejected this plea offer. *Id.* at 7-8, 13. Trial counsel further testified that Appellant told her that he wanted to plead guilty to simple assault, a misdemeanor, and would only plead guilty to a misdemeanor. *Id.* at 7-8, 10, 13, 15. She testified that she negotiated for that with the

Commonwealth, but that the Commonwealth would not agree to a simple assault plea or to a plea to anything less than second-degree felony aggravated assault. *Id.* at 7-8, 10, 15. Trial counsel testified that Appellant never told her that he wanted to plead guilty to the charge against him and she did not recall Appellant ever asking to represent himself so that he could work out a plea deal. *Id.* at 8-9, 15.

On March 26, 2021, the trial court entered an order denying Appellant's PCRA petition. In its opinion accompanying this order, the trial court stated that it found trial counsel's testimony at the PCRA hearing credible and found that Appellant was not credible. Trial Court Opinion, 3/26/21, at 4. The trial court found that trial counsel informed Appellant of the only plea offer that the Commonwealth made and that Appellant rejected that offer, and concluded that there was therefore no ineffective assistance of counsel. *Id.*

Appellant, represented by his PCRA counsel, timely appealed the order denying his PCRA petition. On July 15, 2021, counsel filed and served on Appellant an application to withdraw and a *Turner-Finley* no-merit letter in which he concludes that there is no ground for reversal of the trial court's denial of Appellant's PCRA petition. Appellant has filed no response to the application to withdraw or no-merit letter. On August 16, 2021, the Commonwealth advised the Court that it had elected not to file a brief.

Before this Court can consider the merits of this appeal, we must first determine whether counsel has satisfied all of the requirements that court-

appointed counsel must meet before leave to withdraw may be granted in a PCRA appeal. *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016); *Commonwealth v. Freeland,* 106 A.3d 768, 774 (Pa. Super. 2014); *Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012). To withdraw from representing the appellant, counsel must file a no-merit letter, send the appellant copies of the application to withdraw and no-merit letter, and advise the appellant of his right to proceed *pro se* or with a privately retained attorney. *Walters*, 135 A.3d at 591; *Doty*, 48 A.3d at 454; *Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa. Super. 2011). The no-merit letter must set forth: 1) the nature and extent of counsel's review of the case; 2) each issue that the appellant wishes to raise on appeal; and 3) counsel's explanation of why each of those issues is meritless. *Turner,* 544 A.2d at 928-29; *Freeland,* 106 A.3d at 774; *Widgins*, 29 A.3d at 817-18. If counsel has satisfied the above requirements, this Court must then conduct its own review of the record and render an independent judgment as to whether the appeal is without merit. *Walters*, 135 A.3d at 591; *Doty*, 48 A.3d at 454.

Here, PCRA counsel provided Appellant a copy of the no-merit letter, the application to withdraw and a letter advising Appellant of his right either to retain new counsel or proceed *pro se*.[4] PCRA counsel's no-merit letter

---

[4] The letter that PCRA counsel sent to Appellant at the time that he filed and served the application to withdraw and no-merit letter advised Appellant of his right to proceed *pro se* or with a privately retained attorney in the event

*(Footnote Continued Next Page)*

discusses the record in detail, sets forth the sole ground for PCRA relief asserted by Appellant, and explains why any challenge to the trial court's denial of that PCRA claim is without merit. We therefore conduct our own review and independently determine whether the trial court erred in denying Appellant's PCRA petition.

Our review of an order denying a PCRA petition is limited to determining whether the record supports the PCRA court's findings and whether its decision is free of legal error. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015); *Commonwealth v. Johnson*, 236 A.3d 63, 68 (Pa. Super. 2020) (*en banc*); *Commonwealth v. Smith*, 181 A.3d 1168, 1174 (Pa. Super. 2018). We must view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. *Mason*, 130 A.3d at 617; *Johnson*, 236 A.3d at 68; *Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). The PCRA court's credibility determinations, if supported by the record, are binding on this Court. *Mason*, 130 A.3d at 617; *Johnson*, 236 A.3d at 68; *Widgins*, 29 A.3d at 820.

---

that this Court granted his application to withdraw. Because that letter insufficiently advised Appellant of his rights, *see Commonwealth v. Muzzy*, 141 A.3d 509 (Pa. Super. 2016), this Court, on July 20, 2021, ordered PCRA counsel to send Appellant an amended letter correctly advising him of his rights. PCRA counsel, in compliance with that order, sent Appellant a letter on July 21, 2021, that advised Appellant of his immediate right to proceed *pro se* or with private counsel and of his right to respond to the application to withdraw and no-merit letter.

Here, Appellant's only PCRA claim was that trial counsel did not advise him of a plea offer by the Commonwealth that he would have accepted. This claim was based on disputed issues of fact that the trial court resolved against Appellant after an evidentiary hearing. The trial court found that trial counsel informed Appellant of the only plea offer that the Commonwealth was willing to make and that Appellant rejected that plea offer. Trial Court Opinion, 3/26/21, at 4. The trial court also found that Appellant never expressed any wish to plead guilty to the aggravated assault charge against him. *Id.* Those determinations are amply supported by trial counsel's testimony, which the trial court found credible. N.T. PCRA at 7-10, 13, 15; Trial Court Opinion, 3/26/21, at 4.

As the record supports the trial court's determinations that trial counsel advised Appellant of the only plea deal that the Commonwealth would offer, that Appellant rejected the plea offer, and that Appellant never sought to plead guilty to the aggravated assault charge against him, Appellant's sole PCRA claim lacks merit and his appeal from the denial of his PCRA petition is frivolous. *Widgins*, 29 A.3d at 820. Accordingly, we grant counsel's application to withdraw and affirm the PCRA court's order denying Appellant's PCRA petition.

Order affirmed. Application to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2022